PER CURIAM:
Claimant brought this action for breach of an alleged contract entered into with Shepherd College, a facility of the respondent. Claimant alleges that she and representatives of Shepherd College agreed that a tract of land which she owns near the campus of Shepherd College would be leased to the college for parking purposes. In reliance upon the lease agreement claimant alleges that she incurred expenses in preparing her property for parking in accordance with direction from a representative of the college. This claim was heard on October 30, 2002, by the Honorable David M. Baker, Judge, sitting as a hearing examiner for the whole Court, and the claim was submitted for decision at that time. The Court is of the opinion to deny this claim based upon the reasons set forth herein below.
Claimant purchased a parcel of real property in Shepherdstown, Jefferson County, in July 1998. The tractof property is one hundred three feet in width fronting on a twelve-foot alley and it is thirty-six feet deep. There is a garage building located at the eastern end of the property. It is the vacant portion of the property that is the subject matter of this claim. Claimant stated that based upon a discussion she and her husband had with the Mayor of Shepherdstown, she approached officials with Shepherd College about the possibility of leasing the vacant portion of her lot to the college for parking purposes. She thereupon began discussions with K. Alan Perdue, in house counsel for the college, who was also acting as the temporary supervisor of facilities for the college. Mr. Perdue, having been informed of the availability of the vacant lot, viewed the property himself, first with the Mayor, and then with other employees of the college. This viewing occurred in the fall 1998. Claimant and her husband informed Mr. Perdue that they desired to lease the vacant lot portion of their property to the college for parking purposes. On or about October 5, 1998, claimant contacted Mr. Perdue and informed him that she was going to make certain improvements to her lot at a cost of $2,393.88 plus $142.16 for gravel, and even though he discouraged her from this action, she proceeded to have the lot prepared. Eventually, in November 1998, after many discussions with the claimant, Mr. Perdue informed the claimant that the college was no longer interested in leasing the property. Claimant protested this decision by approaching the President of Shepherd College, Dr. David L. Dunlop, and requested his intervention. This eventually resulted in a letter from Dr. Dunlop to claimant outlining a proposal to offer claimant twenty dollars per space per year for the eight spaces estimated to be available on the lot for parking purposes. Claimant received the offer and she thereupon made a telephone call to the office of the President accepting the offer. However, it was then necessary for the college to obtain a lease to be approved by the Leasing Section of the Finance Division of the Department of Administration in Charleston. In January 1999 the Chief Procurement Officer for Shepherd College sent a letter proposing to lease space from claimant for additional parking near the college and this letter included a draft lease prepared by Mr. Perdue. The college later learned that such a lease must be “created” by such Leasing Section and approved as to form by the Attorney General. In April 1999 the college was informed that this letter and draft lease had not been received by the Leasing Division so no lease agreement had been prepared for the college to lease the space from claimant. During the months of January through April, claimant and her husband were in continuing contact with officials at Shepherd College regarding the terms of the proposed lease, and in May 1999 Mr. Perdue advised claimants in a letter dated May 14,1999, that Shepherd College was no longer *309 interested in leasing the vacant lot from claimant and that there would be no further discussions regarding a lease by the college with claimant for her vacant property. The college has continued to maintain this position with regard to leasing claimant’s parking spaces.
Claimant alleges that she had a lease agreement with Shepherd College for her vacant property; that she expended certain funds in the amount of $2,536.04 to improve her property for the benefit of the college; and that she is entitled to an award from this Court for the loss of rent and the expenses incurred in making improvements to her property in contemplation of the lease.
Respondent avers that it never entered into a lease agreement with claimant and that any improvements to her vacant property were made by her acting on her own behalf for which it has no responsibility.
The Court has reviewed the transcript, documents in evidence, and the Findings of Fact proffered to the Court by the Honorable David M. Baker, Judge. It appears to the Court that this claim is actually a claim ex contractu, i.e., one based upon contract law. Claimant asserts she had a contract for the lease of her property to Shepherd College for which she has not been paid the agreed upon rent for the spaces on her property for parking, and, further, she acted in reliance upon statements made to her by representatives of the college to make improvements to her property for which she desires to be reimbursed. Thus, claimant is asserting a breach of contract on the part of the respondent. Basic contract law requires that there be a “meeting of the minds” in order for a contract to be entered into by the parties to the contract. There can be no breach of contract until it first is established that there was a contract between the parties. In the instant claim the Court can find no basis for finding that a contract ever existed between the claimant and Shepherd College. Throughout the testimony of the claimant herself at the hearing, she expressed her opinion that the parties were in a constant state of negotiation for the amount to be paid to her for the rental of the parking spaces to the college. She also stated that during the months of January through April 1999 she attempted to rent the parking spaces to others[1] and she went so far as to advertise the parking spaces for rent in the Shepherdstown Chronicle, the local newspaper. On May 14, 1999, correspondence was sent to the claimant by Mr. Perdue indicating the position of the college that the possibility of leasing the space from claimant was at a close. This letter stated in part:
Inasmuch as the College believes that your premises in Shepherdstown are of very limited potential to us, and inasmuch as you have repeatedly attempted to renegotiate the price figures since your telephone acceptance of the President’s terms of offer, and inasmuch as you have proceeded to lease out several of the limited number of spaces to other users, we hereby withdraw any continuing interest in renting any space from you. Please be advised that this represents a FINAL decision of the College on the matter and there will absolutely not be any further negotiations or discussions by any college administrators about renting any of your space. (Emphasis supplied.)
*310 The language in this letter to the claimant acknowledges that there were ongoing negotiations after the first offer by the college. In order for a contract in the form of a lease agreement to have existed as alleged by claimant there would have had to have been a firm agreement on-the rent to be paid by the college to claimant for her property. The law refers to consensus ad idem, a clear mutual understanding and agreement as to all the material terms of the contract. The fact that claimant continued to attempt to negotiate a lease amount for her property certainly is indicative of the fact that the parties never had a “meeting of the minds” with regard to the lease which is the subject matter of this claim. Case law supports this statement. In Hancock v. Fletcher, 169 S.E. 457, 113 W.Va. 624 (1933) the Supreme Court of Appeals of West Virginia stated that “The acceptance is always required to be identical with the offer, or there is no meeting of minds and no agreement. 13 Corpus Juris, 267.” In the case of Stark Elec. v. Huntington Housing Auth., 375 S.E.2d 772, 180 W.Va. 140 (1988) the Supreme Court held that “A party to whom an offer of contract is made must either accept it wholly or reject it wholly. A proposition to accept on terms varying from those offered is a rejection of the offer, and a substitution in its place of the counter proposition. It puts an end to the negotiation so far as the original offer is concerned.” Thus, the Court herein is required to find that claimant has failed to establish that the parties had a “meeting of the minds” such that a contract or lease agreement ever existed, and, further, that claimant’s claim for breach of contract fails.
As to claimant’s assertion that she is entitled to recover the amount she expended for the improvements to her property to meet the requirements of the college for leasing the property, the Court concludes that claimant admitted herself that she decided on her own to go forward with the improvements in spite of the protestations of Mr. Perdue to the- contrary. Claimant must bear the full responsibility for making the improvements to her property as she is responsible for making the decision to have the improvements made. This portion of her claim fails based upon the fact testimony in the record.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is the opinion to and does deny this claim.
Claim disallowed.
The Honorable David M. Baker, Judge, heard this claim in its entirety and filed a report of his findings with the Court. He did not take part in the decision of the claim.

 Claimant testified that she attempted negotiations for the parking spaces with a computer company, a florist, and the police department. She also advertised the spaces in the college bulletin.